IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TOMMY HUNTER (# M1377)**                                                              **PLAINTIFF**

**v.**                                                                                   **No. 4:07CV31-M-B**

**LOLA NELSON, ET AL.**                                                                   **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Tommy Hunter, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Discussion

The plaintiff was accused of violating Rule 11 of prison rules (indecent exposure – masturbating in this case) and punished by loss of thirty days visitation. The plaintiff argues that he should not have been found guilty of the rule violation for two reasons. First, he argues that he was masturbating in his cell and thus did not expose himself to anyone. Second, he argues that he cannot be found guilty of indecent exposure based solely upon the word of a prison guard. Both of these arguments are frivolous. In addition, as discussed below, the punishment, thirty days loss of visitation, is not sufficiently harsh to trigger due process safeguards.

### *Sandin*

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the court concludes that the plaintiff has failed to set forth a

claim which implicates the Due Process Clause or any other constitutional protection. As the Court noted, "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id.* at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id.*, the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5$^{th}$n Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim). The plaintiff's punishment of thirty days loss of visitation is less even than the punishment in *Sandin*, which the Supreme Court found insufficient to trigger due process safeguards. As such, the plaintiff's claims must be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 16th day of March, 2007.

        /s/ Michael P. Mills
        **UNITED STATES DISTRICT JUDGE**